# Wytheville.

## KENEFICK v. CAULFIELD.

### June 25th, 1891.

1. PRACTICE AT COMMON LAW—*Account—Date.*—Where declaration in *assumpsit* states the date of account filed therewith, and it was presented as a debt due at institution of suit, and verdict was rendered accordingly—

HELD:

No error that the account was not dated.

2. IDEM—*Judgment—Presumption*—.Where there is in the record no motion to abate attachment, no exception to rulings of court below, no bill of exceptions, no certificate of the evidence or of the facts proved, this court must presume the judgment to be right.

3. IDEM—*Attachment—When bond unnecessary*—Where sheriff is not directed to take possession of attached property, no bond is required under Code 1887, § 2968.

Error to judgment of circuit court of Scott county, rendered June 25th, 1890, in an action of *assumpsit*, wherein Patrick Caulfield was plaintiff, and William Kenefick was defendant.

When the summons was issued an attachment was sued out by the plaintiff against the estate or effects of the defendant, situated within the jurisdiction of the court. The summons was returned "not found."

Upon affidavit that the defendant was justly indebted to the plaintiff in the sum demanded, which was due and payable, and that the defendant was a non-resident of this state, but had estate in the county in which the suit was brought, the attachment issued, but no bond was given, so as to enable the sheriff to take the property into his possession, and the said

attachment was levied on twelve head of mules belonging to William Kenefick, the defendant; and there was at the same time an order of publication, which was issued in a newspaper published in the county, which is certified to by the manager of the company by which the paper was published.

The declaration was in the usual form, containing the common counts in *assumpsit*, and an account of the claim was filed with the declaration.

The defendant demurred to the declaration, and the demurrer was overruled; *non-assumpsit* pleaded by the defendant; a jury impanneled and sworn, and, upon the trial, after hearing the evidence, the jury rendered a verdict for the plaintiff for $637.46. Whereupon the plaintiff applied for and obtained a writ of error to this court.

*Holdway & Ewing*, and *J. J. H. Powell*, for plaintiff in error.

*Hoge & Green*, for defendants in error.

LACY, J. (after stating the case), delivered the opinion of the court.

The first error assigned here is that the court erred in overruling the demurrer to the declaration. The declaration is in the usual form, and is without defect.

The next is that the court refused to continue the case because of the absence of a material witness. If this be a fact, the record does not disclose it.

The next is that the court overruled the motion of the defendant to set aside the verdict and grant the defendant a new trial, upon the ground " because the court overruled the demurrer to the declaration, because the return of the sheriff was insufficient, and because the levy of the attachment and the return thereon was irregular and insufficient, there and then being no bond given when the attachment issued, and because the account filed with the declaration had no date."

As to the demurrer, we have said that there was no error of the court in overruling that. There is no defect in the return of the sheriff, which is sufficient.

As to the assignment that no bond was given by the plaintiff when the attachment was issued, none is required by our statute, unless the sheriff is directed to take the property into his possession, which was not done in this case. Section 2968 of the Code of Virginia.

As to the date of the account, the date of the account was stated in the declaration with which it was filed, and it was presented as a debt due at the date of the suit, and the verdict was rendered accordingly.

Again, that the declaration does not allege any promise to pay the debt. This is a mistake of fact; the declaration does allege a promise to pay the debt.

Exceptions are set forth here to the attachment, but in the court below there was no exception taken to the attachment, and no motion to abate the attachment, but the defendant appeared and pleaded to the action. The objection comes too late here. There is no exception in the record, and no bill of exceptions taken, and neither facts proved nor evidence certified, and, in the absence of anything appearing to the contrary, the judgment must be here held to be right.

We discover no ground of error in the record, and the judgment of the circut court is right and will be affirmed.

JUDGMENT AFFIRMED.